IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALDO AYALA,<br><br>Plaintiff,<br><br>v.<br><br>DR. J. GRANT, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. C 15-3037 RMW (PR)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR DEFENDANT T. PETERSON |

Plaintiff, a California state prisoner proceeding pro se, filed a civil action in state court. Defendants filed a notice of removal to federal court because plaintiff's complaint indicated that he was filing a lawsuit pursuant to 42 U.S.C. § 1983. Liberally construing plaintiff's complaint, the court found cognizable claims of excessive force, retaliation, and deliberate indifference to serious medical needs. On November 6, 2016, a notice of lawsuit and request for waiver of service of summons was mailed to defendant T. Peterson at San Quentin State Prison. On December 10, 2015, the documents were returned with a notation that the defendant was no longer worked at the institution. (Docket No. 7.) Accordingly, defendant T. Peterson has not been served.[1]

[1] Defendant T. Amrhein-Conama has not returned an executed waiver of summons however no information has been provided to the court indicating that the documents sent to him were undeliverable.

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).

Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant T. Peterson, plaintiff must remedy the situation or face dismissal of his claims against this defendant without prejudice. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, plaintiff must provide the court with an accurate and current location for defendant T. Peterson such that the Marshal is able to effect service.

## CONCLUSION

1. Plaintiff shall provide the court with an accurate and current location for defendant T. Peterson within **thirty (30) days** of the date this order is filed, or plaintiff's claims against this defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

2. In the interest of justice, the court requests that the Litigation Coordinator at San Quentin State Prison ("SQSP") determine if defendant T. Peterson is still employed with the California Department of Corrections and Rehabilitation ("CDCR"), and if so, to provide the court with a current employment address for the defendant. If he is a former employee but no longer employed with CDCR, the Litigation Coordinator is requested to provide a forwarding address, or notice that such information is not available.

3. The Clerk is directed to send a copy of this order to plaintiff and the Litigation Coordinator at SQSP.

IT IS SO ORDERED.

DATED: 1/15/2016

RONALD M. WHYTE
United States District Judge